UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

CALVIN L. HODGES,

Debtor.

_____/

Case No. DG 17-00470
Chapter 7
Hon. Scott W. Dales

MEMORANDUM OF DECISION & ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

Creditor Michigan Unemployment Insurance Agency ("MUIA") filed its Motion to Reopen and Allow Late Objection to Discharge (ECF No. 37, the "Motion"). Chapter 7 debtor Calvin L. Hodges (the "Debtor") timely filed a response to the Motion (ECF No. 40, the "Response").  The court reviewed the Motion and the Response, and set the matter for hearing which it held on July 18, 2018 in Grand Rapids, Michigan. The MUIA appeared through counsel, and the Debtor appeared in person and through counsel.  At the conclusion of the hearing, after indicating that it would grant the Motion, the court took the matter under advisement to consider whether to attach conditions to the reopening, given the substantial exculpatory statements documented in the Response.

For the reasons set forth on the record, and those set forth here, the court will grant the MUIA's Motion. Reopening a closed bankruptcy case  is a ministerial act that, without more, affects no substantive rights but instead simply makes the federal forum available (upon a showing of cause) to grant additional relief.  11 U.S.C. § 350.  As the court noted on the record, a hearing on a motion to reopen does not present the opportunity to determine the dischargeability of the debt and in this case simply afforded the parties the chance to advocate for resolving their dispute

about the MUIA's debt in the bankruptcy court, rather than the state courts (which have concurrent jurisdiction to determine the dischargeability of most debts). *In re Steward*, 509 B.R. 123, 126-27 (Bankr. W.D. Mich. 2014). Stated differently, the court is not deciding today the merits of the MUIA's argument that its claim against the Debtor is not subject to his discharge.

Instead, the court considers whether the MUIA has established cause to reopen the case. Here, the agency contends that it did not have notice of the Debtor's bankruptcy case in time to seek a determination under § 523(c) that its claim should be excepted from discharge under § 523(a)(2). Therefore, it seeks to reopen the case so it may file a complaint against the Debtor for a declaration that its claim survived discharge under § 523(a)(3) and (a)(7).[1] The applicable rule provides that a complaint other than under § 523(c) may be filed at any time and that a closed case may be reopened for this purpose, without the payment of the reopening fee. *See* Fed. R. Bankr. P. 4007(b). Under the circumstances, the court finds cause to reopen the case.

In view of the showing in the Debtor's Response that an MUIA investigator, as opposed to the MUIA itself, opined that the Debtor may have acted innocently in obtaining unemployment benefits and the Debtor's statement that he may have already repaid to the MUIA more than the original overpayment, the court encourages the parties to engage in pre-suit settlement discussions. To encourage and accommodate such discussions, the court will afford the MUIA additional time to file its complaint in this court if the agency files a certification that it is negotiating a settlement in good faith.

NOW, THEREFORE, IT IS HEREBY ORDERED that the MUIA's Motion (ECF No. 37) is GRANTED as provided herein.

---

[1] Presumably the MUIA is not seeking to file a complaint under § 523(c) because the time for doing so passed long ago and the court at this point has no authority to extend it. *See* Fed. R. Bankr. P. 4007(c).

IT IS FURTHER ORDERED as follows: (1) the MUIA may file a complaint other than under § 523(c) within 21 days after entry of this Order; (2) if the MUIA does not timely file a complaint, the Clerk shall close the case without further notice or order; (3) notwithstanding the first clause of this decretal paragraph, if the MUIA files a certification stating that it is negotiating a settlement with the Debtor in good faith, the deadline for filing its complaint shall be 60 days after entry of this Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor, April Hulst, Esq., Rebecca Smith Esq., and the United States Trustee (by U.S. Mail).

END OF ORDER

**IT IS SO ORDERED.**

**Dated July 23, 2018**



Scott W. Dales
United States Bankruptcy Judge